**PICCUTA LAW GROUP, LLP**
Charles Tony Piccuta, Esq. (#258333)
Charles Albert Piccuta, Esq. (#56010)
400 West Franklin Street
Monterey, CA 93940
Telephone: (831) 920-3111
Facsimile:  (831) 920-3112
charles@piccutalaw.com

Attorneys for Plaintiffs
MATTHEW LAYDON and the class members defined herein

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MATTHEW LAYDON, on behalf of himself and all others similarly situated, | Case No.: |
| | Honorable: |
| Plaintiffs, | |
| v. | **CLASS ACTION COMPLAINT** |
| AMERICAN AIRLINES, INC., | **COMPLAINT FOR BREACH OF CONTRACT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Matthew Laydon ("Plaintiff"), on behalf of himself and all others similarly situated, by counsel, alleges as follows:

### INTRODUCTION

1.      Defendant, American Airlines, Inc. ("Defendant" or "American"), is one of the largest airlines in the world.   For domestic travel, American unilaterally imposes on its passengers certain terms found in American's Conditions of Carriage.  A passenger's ticket and the Conditions of Carriage constitute the contract (the "Contract") between the passenger and American and apply to transportation provided by Defendant between points in the United States, including Puerto Rico and the U.S. Virgin Islands.

2.      American has a practice of cancelling and invalidating passengers' return tickets on roundtrip flights when passengers seek to use only the return portion of their tickets.  At all relevant times, the Contract was silent as to any requirement that passengers' return flights were contingent on passengers' use of their initial outbound flights.  As a result, American was wrongly depriving passengers of the benefit bargained for by refusing to honor the return flights of their roundtrip tickets.

3.      In the past approximately two months, American apparently became aware of potential problems that could arise from invalidating passengers' tickets without any right to do so under the Contract.  In that period, American amended its Conditions of Carriage.  The Conditions now state, in pertinent part, "[y]ou can't buy a roundtrip ticket and only use the return flight…."  At all times relevant to this lawsuit, this language was absent from Defendant's Conditions of Carriage.

4.      The direct result of Defendant's conduct was that passengers who adhered to the terms of the Contract were unlawfully denied the benefit they paid for, i.e., their return flights.  Passengers, through no fault of their own, were left stranded.  Their only choices often included arranging for alternate transportation, purchasing a last-minute exorbitantly priced one-way ticket home, or paying a $200 change fee to get on the exact same flight they had already booked and paid for.

5.      Plaintiff is among the thousands of individuals who purchased roundtrip tickets during the four years preceding the filing of this Complaint through the point in the past approximately two months when Defendant published its revised Conditions of Carriage (the "Class Period") and whose tickets were unlawfully invalidated.  For this, Plaintiff brings this class action on behalf of himself and all similarly situated individuals.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(d)(2)(A).  The matter in controversy exceeds the sum of $5,000,000.00, exclusive of interest and costs.  Further, at least one member of the class of Plaintiffs is a citizen of a State different from Defendant.

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant is a resident of this district under 28 U.S.C. § 1391(c), a substantial part of the events or omissions giving rise to the claim occurred in this district and Defendant is subject to the Court's personal jurisdiction with respect to this action.

## THE PARTIES

8.      Plaintiff, Matthew Laydon ("Mr. Laydon" or "Plaintiff") is a resident of the State of California and the City and County of Los Angeles.  In January 2018, Mr. Laydon purchased a roundtrip ticket for travel on a domestic American flight.  Laydon did not use the initial outgoing flight and American then cancelled his return trip.

9.      Defendant, American Airlines, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Fort Worth, Texas.  Further, American has a hub at Los Angeles International Airport ("LAX"), operating the largest network of routes out of LAX.

## FACTUAL ALLEGATIONS

10.      On January 28, 2018, Mr. Laydon purchased a roundtrip ticket on an American flight for travel between Los Angeles, California and Phoenix, Arizona.  Mr. Laydon was confirmed on American Flight 1428 on February 8, 2018, scheduled to depart LAX at 6:30 p.m. and to arrive at Phoenix Sky Harbor International Airport ("PHX") at 9:16 p.m. local time.  The return ticket Mr. Laydon had purchased was for travel on American Flight 1455 on February 10, 2018, scheduled to depart PHX at 4:45 p.m. and to arrive at LAX at 5:24 p.m. local time.

11.       After completing the purchase of his roundtrip ticket, unforeseen circumstances arose that prevented Mr. Laydon from flying on Flight 1428 from LAX to PHX. Due to the unforeseen circumstances, Mr. Laydon rented a car and still made the trip to Phoenix.

12.      On, or about, February 6, 2018, Mr. Laydon called American's Reservations department.  He informed American that he no longer needed his initial outbound flight from LAX to PHX.  He also made clear that he was still going to Phoenix and intended to use his return flight from PHX to LAX on February 10, 2018.   In doing so, this allowed American the opportunity to re-sell Mr. Laydon's seat on Flight 1428 from LAX to PHX.

13.     On February 9, 2018, Mr. Laydon attempted to check in online for his February 10 return trip on Flight 1455 from PHX to LAX.  When he attempted to do so, American's website informed him that he did not have a reservation on Flight 1455.

14.     Mr. Laydon called the American Reservations department the evening of February 9, 2018, from Scottsdale, Arizona.  He asked American to confirm the seat he had purchased on Flight 1455.  American informed him that his ticket had been cancelled.

15.     After informing Mr. Laydon that his ticket had been invalidated, Mr. Laydon inquired of his options.  American informed him that he could pay a $200 change fee plus the difference between the now-more-expensive one-way return flight and the previously paid for roundtrip return flight.  He also had the option of purchasing a new, last-minute, one-way ticket at an exorbitant cost.

16.     Mr. Laydon inquired of American why he would pay a $200 change fee to fly on the same Flight 1455 for which he had already purchased a ticket.  American informed him that when he did not use his initial outgoing flight, this constituted a change.  Mr. Laydon responded that nothing about his ticket for transportation aboard Flight 1455 had changed.  He explained that he did not use the flight from LAX to PHX and simply gave up a portion of the benefit that he had paid for.

17.     American refused to honor Mr. Laydon's ticket on Flight 1455 from PHX to LAX.  In an attempt to mitigate his loss, Mr. Laydon rented a car and drove back to Los Angeles on February 10, 2018.

18.     The Contract, as it was written at the time Mr. Laydon purchased his roundtrip ticket, contained no prohibition against using only the return flight of a roundtrip ticket.  The Contract contained no requirement that Mr. Laydon fly from LAX to PHX in order to use his return ticket from PHX to LAX.

19.     At some point in the past approximately two months, after Mr. Laydon's disagreement with American, American amended its Conditions of Carriage.  By its own admission as stated in the revised Conditions, American did so "to make our policies clearer and easier to understand."  In the revised Conditions, American now expressly states that "you can't

buy a roundtrip ticket and only use the return flight...."  Again, this language was completely absent from the Conditions prior to the revision in the past approximately two months.

20.     Plaintiff acknowledges that American's revised Conditions of Carriage now explicitly state that American has the right to invalidate a ticket and disallow the use of the return flight of a roundtrip, if the first flight of the roundtrip is not used.  Plaintiff's sole cause of action in the Complaint is for breach of contract.  Per the terms of the Contract, the Conditions of Carriage are to be governed and interpreted under the laws of the State of Texas.  The statute of limitations in Texas for breach of contract is four years.  As a result, the Class Period extends from the four years preceding the filing of this Complaint through the time at which American published its revised Conditions of Carriage in the past approximately two months.

## CLASS ACTION ALLEGATIONS

21.     Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  The class which Plaintiff seeks to represent is composed of and defined as follows:

> All persons in the United States who purchased roundtrip tickets for transportation provided by American between points in the United States, including Puerto Rico and the U.S. Virgin Islands, and whose return tickets were invalidated when those persons sought to use only the return tickets ("Plaintiff Class").  The class period shall extend from the four years preceding the filing of this Complaint through the time at which American published its revised Conditions of Carriage, in the past approximately two months, which expressly prohibit the use of the return flight only, of a roundtrip ticket.  Specifically excluded from the Plaintiff Class are those persons who purchased roundtrip excursion fare tickets.  Also excluded from the Plaintiff Class are Defendant; officers, directors or employees of Defendant; any entity in which Defendant has a controlling interest; the affiliates, legal representatives, attorneys, heirs, or assigns of Defendant; and any federal, state or local governmental entity, and any judge, justice or judicial officer presiding over this matter and the member of their immediate families and judicial staffs.

22.     This action has been brought and may be maintained as a class action.  The Plaintiff Class satisfies all requirements of Rule 23 for maintaining a class action, including the following:

(a)     Numerosity:  The Plaintiff Class is so numerous that the individual joinder of all members is impracticable under the circumstances of this case.  While the exact

number of class members is unknown to Plaintiff at this time, based upon the size of American and the number of daily flights it operates, Plaintiff is informed and believes that during the Class Period, tens of thousands of passengers nationwide had return tickets on roundtrip flights invalidated by American for not using the first flight of the roundtrip. Joinder of all members of the Plaintiff Class is not practicable.

(b)   <u>Common Questions Predominate</u>:   Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions which affect only individual members of the class.  These common questions of law and fact include, without limitation:

(i)   Whether the Contract required class members traveling on non-excursion fare roundtrip flights to use their initial outbound flights in order to retain their rights to use their return tickets.

(ii)   Whether Defendant breached the Contract by imposing an extra-contractual requirement on class members traveling on non-excursion fare roundtrip flights to use their initial outbound flights in order to retain their rights to use their return tickets; and

(iii)   Whether Plaintiff and the class members are entitled to compensatory damages and, if so, the nature of such damages.

(c)   <u>Typicality</u>:   Plaintiff's claims are typical of the claims of the members of the Plaintiff Class.  Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out of American's common course of conduct, which constituted a breach of the Contract.

(d)   <u>Adequacy</u>:   Plaintiff will fairly and adequately protect the interests of the members of the Plaintiff Class.  Mr. Laydon is an adequate representative with no interest adverse to the absent class members.  Plaintiff has retained counsel with substantial experience and success in federal court and in the prosecution of consumer protection litigation, civil rights actions and complex civil litigation. Counsel are diverse, high-level, litigators who have obtained six figure jury verdicts in both Federal and State Courts in the past year alone. In addition, counsel has argued and obtained decisions before the Ninth Circuit Court of Appeals and

obtained numerous published decisions before the United States District Courts of Arizona and California.

(e)     <u>Superiority</u>:    A class action is superior to other available means for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Further, as the damages suffered by each individual member of the Plaintiff Class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments.

(f)     Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

23.     Plaintiff anticipates that individual notice by mail or email may be achieved through reasonable effort.

### CAUSE OF ACTION: BREACH OF CONTRACT

24.     Plaintiff incorporates by reference and re-alleges the foregoing paragraphs of this Complaint as though fully set forth herein.

25.     Plaintiff and all other class members entered into a valid and enforceable contract with American for transportation between points in the United States, including Puerto Rico and the U.S. Virgin Islands. The passengers' tickets and the Conditions of Carriage in effect during the Class Period constituted the Contract and contained identical provisions relevant to this action.

26.     Plaintiff and the class have fully performed all of their obligations under the Contract.

27. American materially breached the Contract with Plaintiff and all class members by refusing to provide the transport services specified in the Contract, namely the return flights on roundtrip tickets.

28. As a direct result of American's breach, Plaintiff and all class members have been damaged in an amount according to proof at trial in that, among other things, they were deprived of the benefit bargained for under the Contract, were forced to pay change fees and were forced to purchase additional tickets or arrange for alternate transportation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the class, prays for the following:

A. For judgment in favor of Plaintiff and the Plaintiff Class and against Defendant;

B. For an order certifying the Plaintiff Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Matthew Laydon as the class representative and Plaintiff's attorneys as class counsel to represent members of the Plaintiff Class;

C. For compensatory damages;

D. An award of costs and reasonable attorneys' fees;

E. Pre-judgment and post-judgment interest; and

F. For any other such relief, whether legal or equitable, that the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, on his own behalf and on behalf of all others similarly situated, hereby demands a trial by jury.


Dated: April 11, 2018                              **PICCUTA LAW GROUP, LLP**

                                                   /s/_____*C.T. Piccuta*_____

                                                   Charles Tony Piccuta
                                                   Attorneys for Plaintiffs
                                                   MATTHEW LAYDON and the class
                                                   members defined herein